# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SHULICK, individually and on Behalf of ALL OTHERS SIMILARLY SITUATED, Plaintiff | CIVIL ACTION |
| | NO. 02 CV 1127 |
| v. | CLASS ACTION |
| CREDIT BUREAU COLLECTION SERVICES, INC. individually and D/B/A CBCS and CBCS NATIONAL, INC., Defendant | |

| | |
|---|---|
| DAVID SHULICK, individually and on behalf of ALL OTHERS SIMILARLY SITUATED, | |
| Plaintiff, | CIVIL ACTION NO. 02 CV 8483[JF] |
| v. | CLASS ACTION |
| CBC COMPANIES, INC., individually, T/A and D/B/A CBCS and CBCS NATIONAL, INC., | |
| Defendant. | |

## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

For the reasons set forth in the accompanying Memorandum of Law, Plaintiff and Defendants hereby seek final approval of the class action settlement preliminarily approved by this Court by Order dated April 11, 2004.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| _____/s/_____ | __/NWB3521/_____ |
| Edwin M. Goldsmith, III, Esquire | Norman W. Briggs, Esq. |
| 1635 Market Street | Frey, Petrakis, Deeb, |
| 19th Floor | Blum, Briggs & Mitts, P.C. |
| Philadelphia, PA 19103 | 1601 Market Street, 26th floor |
| | Philadelphia, PA 19103 |
| Attorney for Plaintiff | Attorney for Defendants |
| Date: | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SHULICK, individually and on Behalf of ALL OTHERS SIMILARLY SITUATED, Plaintiff : : : : : : v. : : CREDIT BUREAU COLLECTION : SERVICES, INC. individually and : D/B/A CBCS and CBCS : NATIONAL, INC., Defendant : : | CIVIL ACTION<br><br>NO. 02 CV 1127<br><br>CLASS ACTION |
| DAVID SHULICK, : individually and on behalf of : ALL OTHERS SIMILARLY SITUATED, : : Plaintiff, : v. : : CBC COMPANIES, INC., : individually, T/A and D/B/A : CBCS and CBCS NATIONAL, INC., : : Defendant. : | CIVIL ACTION NO. 02 CV 8483[JF]<br><br>CLASS ACTION |

## **ORDER**

AND NOW, this day_____ day of July, 2005, upon consideration of the Joint Motion for Final Approval of the Class Action Settlement and Plaintiff's Motion for Award of Attorneys' Fees and Reimbursement of Expenses, and all papers filed in support thereto and in opposition thereof, the parties having presented their Settlement Agreement to the Court and the Court having held a hearing on the fairness of the proposed settlement, at which objectors to the settlement could appear, and the Court being fully advised in the premises, the Court finds that:

A. Notice of the proposed settlement has been timely mailed by the

Defendant to all persons who were sent collection letters in the form as alleged by Plaintiff in his complaint pursuant to the records kept by Defendants. Such notice satisfies the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

    B.    No Class members have requested exclusion from the class. No objections to the proposed settlement have been filed.

    C.    The issues as to liability and remedies, if any, in the Litigation are issues as to which there are substantial grounds for differences of opinion and the proposed settlement of the Litigation constitutes a resolution of those issues that is fair, reasonable and adequate to the members of the Class.

IT IS THEREFORE ORDERED THAT:

    1.    The settlement agreement submitted with the Joint Motion for Preliminary Approval is approved as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and the parties are directed to consummate such agreement in accordance with its terms. All terms defined in the Settlement Agreement have the same meanings when used herein.

    2.    The Litigation is hereby dismissed, with prejudice and without costs, and all Class members who did not timely request exclusion shall be barred and enjoined from bringing any and all claims, actions and causes of action asserted in the Litigation or that could have been asserted in the Litigation under the Fair Debt Collection Practices Act arising from Defendants' violation or alleged violation of federal debt collection laws or that relate to or arise from the settlement of the Litigation or the administration of the settlement, against (i) Representative Plaintiff; (ii) Defendants, (iii) their

respective personal representatives, estates, beneficiaries, administrators, executors, heirs, parents, partners, contractors, clients, subsidiaries and affiliates; (iv) the principals, representatives, owners, shareholders, partners, limited partners, joint ventures, directors, officers, employees, employers, attorneys, agents, successors and assignees, both past and present, of the Defendants; (v) any attorney for Defendants, the Representative of Plaintiff, his agents, employees, successors and assigns (collectively, the "Released Parties").

3. Defendants and the Released Parties are hereby enjoined and barred from bringing any claim, action, or cause of action in connection with this matter against the Representative Plaintiff or any of his attorneys, administrators, successors, or assigns that have been released under the Settlement Agreement.

4. Five days after the Effective date, Defendants will make available a settlement fund of $44,200.00 to be divided equally among the accounts (multiple obligors on a single account count as a single class member).

5. Five days after the Effective date, Defendants will pay Plaintiff Shulick $10,000.00 to release his claims against the Defendants.

6. Five days after the Effective date, Defendants will pay legal fees to the Law Offices of Edwin M. Goldsmith, III in the amount of $110,000.00.

7. Five days after the Effective date, Defendants will also pay costs to the Law Offices of Edwin M. Goldsmith, III in the amount of $10,800.00.

8. Consummation of the Settlement shall proceed as described

in the Settlement Agreement and the Court hereby retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order. The Court retains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement. Final judgment shall be entered as provided herein.

                                              IT IS SO ORDERED

_____

                                                         J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID SHULICK, individually and on Behalf of ALL OTHERS SIMILARLY SITUATED, Plaintiff<br><br>v.<br><br>CREDIT BUREAU COLLECTION SERVICES, INC. individually and D/B/A CBCS and CBCS NATIONAL, INC., Defendant | CIVIL ACTION<br><br>NO. 02 CV 1127<br><br>CLASS ACTION |
| DAVID SHULICK, individually and on behalf of ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br>v.<br><br>CBC COMPANIES, INC., individually, T/A and D/B/A CBCS and CBCS NATIONAL, INC.,<br><br>Defendant. | CIVIL ACTION<br>NO. 02 CV 8483[JF]<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF MOTION BY PLAINTIFF DAVID T. SHULICK AND DEFENDANTS CREDIT BUREAU COLLECTION SERVICES, INC. AND CBC COMPANIES, INC. FOR FINAL COURT APPROVAL OF THE CLASS ACTION SETTLEMENT**

**I.   INTRODUCTION**

On or about November 19, 2004, with the aid of Magistrate Judge Carol Sandra Moore Wells, Defendants Credit Bureau Collection Services, Inc. ("CBCS") and CBC Companies ("CBC" or collectively "Defendants") and Plaintiff David Shulick ("Shulick" or "Plaintiff") agreed to settle the within class action.

On April 11, 2005 this Honorable Court granted Plaintiff and Defendants Joint Motion for Preliminary Approval of the within Class Action.

II.     **FACTUAL BACKGROUND**

The factual issues relevant to this Motion are undisputed. Plaintiff, David Shulick is an attorney at all relevant times who resided in Philadelphia, Pennsylvania. Defendant, CBCS is an Ohio Corporation and a third-party debt collection service. CBS is the parent corporation of CBCS.

On or about February 23, 2002, Plaintiff received, via the U.S. Mail, an envelope that contained a letter bearing the letterhead, "CBCS". The letter concerned an overdue account in which Plaintiff owed telephone charges to Verizon New Jersey in connection with his summer residence. Plaintiff Shulick had directed Verizon New Jersey to send his invoices to his law office in Philadelphia, Pennsylvania, which was the address used to forward letters concerning the account to Plaintiff. The envelope in which the letter was sent was a "one–window" envelope. The envelope revealed the return address of the debt collector and the address of the Plaintiff. The account number for the debt and the phrase "amount due" and a dollar amount also was revealed through the window. Defendants admit a total of 2,886 such letters were mailed.

Plaintiff brought a class action suit claiming the information showing through the cellophane window of the envelope violated 15 U.S.C. §1692f (8) of the Fair Debt Collection Practices Act ("Act"). This Honorable Court granted Plaintiff's Motion for Summary Judgment on February 3, 2004 holding that CBCS violated 15 U.S.C. § 1692f (8). The Court refrained from granting Plaintiff's motion for summary judgment on whether defendant was entitled to

the bona fide error defense contained in the statute. Furthermore, the Court also refrained from deciding if CBCS's parent company, CBC, would be liable for the violation of the Act. Those issues would be left for the jury.

On or about August 12, 2004, counsel for the parties met with Judge Wells for a settlement conference. That settlement conference lead to a global settlement that was preliminarily approved by this Court on April 11, 2005.

### III. SETTLEMENT

The Parties have agreed to a global settlement of $175,000.00, along the following terms:

1. A settlement fund of $44,200.00 has been created by the defendants. There are approximately 2600 people in the class. Each class member's share of the class settlement is $17.00.

2. Defendants will pay $120,800.00 in attorney's fees and costs to Plaintiff's attorney.

3. David Shulick will be paid $10,000.00 as a named Plaintiff premium to release his claims against Defendants.

Pursuant to the Court's April 11, 2004 order, the approved Notice of Class Action ("notice") was mailed to approximately 2,886 individual Class members who received the initial correspondence from Defendants in 2002. The Notice was sent to the last known address of each Class member as reflected in Defendants' records. The Notice informed Class members of their rights to exclude themselves from the Class or to object to the settlement. The Notice

also expressly advised that plaintiff would be applying for an award of attorneys fees and expenses and that application would be made to award the Representative Plaintiff, under applicable law, a settlement amount of $10,000. This method and form of notice satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. To date, no member of the Class has excluded him or herself from the Class and no Class member has objected to the settlement.

For these reasons and for the reasons set forth below, the settlement is fair, reasonable and adequate to the Class and satisfies all of the criteria that courts routinely apply for approval of class action settlements. In Re Prudential Ins. Co. of America Sales Lit., 148 F.3d 283 (3rd Cir. 1998).

## IV.    ARGUMENT

A settlement of any class action must be approved by the Court. Fed. Rule of Civil Proc. 23(e)(1)(A). A settlement of a class action may not be approved unless it is 'fair, adequate and reasonable." Ikon Office Solutions, Inc. Securities Lit. v. Stuart, 194 F.R.D. 166 (E.D. Pa. 2000); Walsh v. Great Atl. & Pac. Tea Co., Inc., 726 F.2d 956, 965 (3d Cir. 1983); Eichenholtz v. Brennan, 52 F.3d 478, 482 (3d Cir. 1995).

In attempting to determine if a class action settlement is fair, a Court needs to reconcile two competing principles. First, the Court needs to determine that the settlement is in the best interests of the class members and second, the court must realize that a settlement is always a compromise and must not hold counsel to impossible standards. Ikon  194 F.R.D. at 179.

This Court is asked to ascertain whether the proposed settlement is within a "range of reasonableness" which experienced attorneys could accept in light of the relevant risks of the litigation. See Walsh v. Great Atlantic and Pacific Tea Co., 96 F.R.D. 632, 642 (D. N.J. 1983), aff'd, 726 F.2d 956 (3d Cir. 1983). While requiring Courts to ascertain if a proposed settlement is reasonable, those same Courts have also advised that the function of a judge when reviewing a settlement is not to rewrite the settlement agreement reached by the parties. Bryan v. Pittsburgh Plate Glass Co., 494 F.2d 799, 804 (3d Cir. 1974). Therefore, Courts give considerable weight to the views of trial counsel as to the merits of a settlement. Lake v. First Nationwide Bank, 900 F. Supp. 726, 732 (E. D. Pa. 1995) ("Significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class.")

To aid the District Courts, the Third Circuit Court of Appeals has also formulated a list of factors that should be considered in determining the fairness of a class action settlement. Those factors are:

> (1)the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery and (9) the range of reasonableness of the settlement to a possible recovery in light of all the attendant risks of litigation.

Girsh v. Jepson, 521 F.2d 153, 156 (3d Cir. 1975).

As set forth more fully below, applying the <u>Girsh</u> factors to the facts of the case at bar, it is clear that the agreed upon settlement is in the best interests of all Parties.

  A. <u>The complexity, expense and likely duration of the litigation</u>.

This factor focuses on the costs of both time and money in continued litigation. <u>In re Gen. Motors Corp. Pick-Up Truck Fuel Tank</u>, 55 F.3d. 768, 812 (3d Cir. 1995). If this litigation were to go to trial, the trial would be costly to both Defendants and Plaintiff due to the complex issues involved. The issue of applying the bona fide error defense would involve the cost and expense of expert testimony concerning the reasonableness of CBCS's mailing procedures. More importantly, the issue of the relationship between CBCS and its parent corporation, CBC and CBC's liability if any, involves issue of corporate relations between parent and subsidiary corporations that would be costly to litigate because of the complexity of proof. Thus, this factor weighs in favor of the proposed settlement.

  B. <u>Class Reaction</u>

The deadline to object to the terms of the within Class was May 31, 2005. The Class notice was sent by regular mail to the last known address on file with Defendants. This is the same address that the original letter was sent to each Class member by Defendants. This letter was supplied to Defendants by their client in order to collect a debt for unpaid telephone services with Verizon. As such, the address used by Defendants was an address supplied by each individual Class member in order to obtain telephone services. Service of the Class notice by regular mail has been held to be adequate by several Courts where the address is known to the

Defendant. See In re Beef Indus. Antitrust Lit., 607 F.2d 167 (5th Cir. 1979); Grunin v. International House of Pancakes, 513 F.2d 114 (8th Cir. 1975); Neuberger v. Shapiro, 110 F. Supp.2d 373 (E. D. Pa. 2000). While 862 Class Notices have been returned undeliverable and/or forwarding address unknown, the majority of the Class members have received the Notice.

As of today's date, no Class member has opted out of the settlement or objected to the terms of the settlement. This is convincing evidence of the proposed settlement's fairness and adequacy. See Stoetzner v. U.S. Steel Corp., 897 F.2d 115, 118-119 (3d Cir. 1990)(only 20 objections in 281 member class strongly favors settlement).

### C. The state of the proceedings and the amount of discovery completed.

A settlement should not be approved if the parties do not have an understanding and "adequate appreciation" of the merits of the case and the issues involved. In re Prudential Ins. Co. of Amer. Sales Practices Litig., 148 F. 3d 283, 319 (3d Cir. 1998). Plaintiff first instituted this action in March 2002. The Parties have filed countless motions and have taken numerous depositions. The discovery period has elapsed. Moreover, the Parties have participated in settlement negotiations with Magistrate Judge Carol Sandra Moore Wells for four months. If the Court does not approve the settlement of this action, the next step is trial. All parties are well aware of the issues and merits of the matter. The settlement occurred only after the litigation reached the stage where "the parties certainly [had] a view of the strengths and weaknesses of their cases." Bonett v. Education Debt Services., Inc., 2003 WL 21658267 (E. D. Pa. 2003). It is apparent that both sides have

analyzed the strengths and weakness of its own case and has come to the conclusion that settlement is in its best interests. As such, this factor also weighs in favor of approving this settlement.

        D.      <u>The risks of establishing liability</u>

This factor focuses on weighing the "possible risks of litigation in order to balance the likelihood of success and the potential damage award if the case were taken to trial against the benefits of immediate settlement. <u>In re Prudential</u>, 148 F.3d at 319.

While this Court has already held that CBCS technically violated the Act, that is not the end of the inquiry. The Fair Debt Collection Practices Act created an exception to debt collector liability if the Debt Collector could show that the violation was unintentional, resulted from a bona fide error and the defendant maintained procedures reasonably adapted to avoid such errors. 15 U.S.C. 1692k(c). The Court has already held that the issue of the bona fide error defense involves factual issues and cannot be decided on a motion for summary judgment.

Both Parties have retained experts concerning the bona fide error defense supporting their case. A trial on this issue would turn into a battle of the experts. If at trial, it was found that the bona fide error defense was applicable to the case at bar, Plaintiffs' would receive nothing. If Defendants, however, were not allowed to use the bona fide error defense, Defendant would be open to liability. The Parties have taken both situations into consideration and have decided that settlement of the within action is in the best interests of both. Accordingly, this factor weighs in favor of settlement of the within class action.

E.  <u>The risk of establishing damages</u>

Even if the court found that CBCS was liable, the issue of damages is not easily decided. Foremost, there is a question of whether or not CBCS's parent company, CBC would be liable for damages. The Court would have to decide that CBC exercised significant control over CBCS and/or other factors before it could be held liable for damages.

The issue of CBC's liability is crucial to deciding the amount of damages in this case. The Act contained a provision that limits the amount of damages in class actions. 15 U.S.C.A. § 1692k states

> **(B)** in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector;

Evidence has been presented that the net worth of Defendant CBC is in excess of $50 million. But if it were found liable, the maximum recovery on behalf of the class would be $500,000.  If CBCS was the only defendant liable, the maximum recovery would be much less. The potential recovery from CBCS would only be at most $12,000 on behalf of the class. If only CBCS were found liable, each class member would receive less than $5.00.

Moreover, a jury could decide to award less than the maximum recovery mandated by the statute. The alleged violation of the Act was merely a technical one. Plaintiffs have not presented evidence of having sustained any damages as a result of the alleged violation. Accordingly, the jury could take this into consideration and only award nominal damages.

The settlement contemplated by the Parties takes the above issues into consideration. The settlement awards each class member $17.00.  This amount

is three times more than the maximum of what a class member could receive if only CBCS is found liable. Thus, this factor weighs in favor of approving the within settlement.

### F.  The risks of maintaining the class action throughout the trial.

The value of a class action depends on the certification of the class. In re Gen. Motors. Corp., 55 F.3d at 817. In the within matter, the class has already been certified. Accordingly, this factor is not applicable to the case at bar.

### G.  The ability of Defendants to withstand a greater judgment.

Any damage award, either against CBC or just CBCS, is limited by 15 U.S.C.A. § 1692k to 1% of the company's net worth, or $500,000 whichever number is less.  This is not a case where a defendant could potentially be liable for an unknown amount of money. Both Parties are aware of the parameters of any judgment but have still agreed to settle this case. Accordingly, this factor is not applicable to approving the within settlement.

### H.  The range of reasonableness if the settlement fund in light of the best possible recovery and in light of all of the attendant risks of litigation.

As discussed above, any recovery by Plaintiffs is not assured. Defendants could be successful in convincing a jury that the a bona fide error defense is applicable.

Moreover, the amount of recovery is contingent upon a finding that CBCS's parent company, CBC is liable for the alleged violation of the Act.  The

amount of damages is tied directly to which company is responsible for paying the damages under the Act.

If Defendant were successful in sustaining a bona fide error defense, they would not be liable for any damages and Plaintiffs would receive nothing. If, however, the jury does not accept the bona fide error defense, there are two scenarios that would determine a possible damage award. First, the potential recovery from CBCS would only be at most $12,000 on behalf of the class. If only CBCS were found liable, each class member would receive less than $5.00. If, however, CBC were found liable, the award could be much higher, but the potential recovery would be capped at $500,000. Under this scenario, each class member could potentially receive $192.00.

The two above numbers, however, are based on Plaintiffs being awarded the maximum award. It is, however, in the jury's discretion to award less. As the alleged violation by CBCS is only a technical violation that caused Plaintiffs no damages, it is possible that a jury would not award the maximum recovery.

Considering the issues that would have to be litigated for Plaintiffs to even be eligible to be awarded the maximum statutory award of $500,000, the cost of the lengthy litigation that would be involved and the chance that Plaintiffs could receive no damages or even just nominal damages, this factor weighs in favor of settlement.

As the above shows, all of the applicable factors weigh in favor of approving this settlement. Discovery in this case is now over. If the case does not settle, it will be scheduled for trial. There are still complicated issues of liability still left to be decided, including the bona fide error defense and the issue of which defendant will ultimately be responsible for any damages. Both

sides have considered the risks and possible awards involved in litigating the case and have decided that it would be best to settle the matter. Thus, this Honorable Court should grant final approval of the within settlement.

**IV.     CONCLUSION**

For all the foregoing reasons, the Court should grant final approval of the within settlement.

Respectfully submitted,                                          Respectfully submitted,


_____/s/_____                                    \_\_/NWB3521/_____
Edwin M. Goldsmith, III, Esquire                    Norman W. Briggs, Esq.
1635 Market Street                                            Frey, Petrakis, Deeb,
19th Floor                                                          Blum, Briggs & Mitts, P.C.
Philadelphia, PA 19103                                    1601 Market Street, 26th floor
                                                                            Philadelphia, PA  19103

*Attorney for Plaintiff*                                          *Attorney for Defendants*

Date:  6-30-05

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID SHULICK, individually and on Behalf of ALL OTHERS SIMILARLY SITUATED, Plaintiff<br>v.<br>CREDIT BUREAU COLLECTION SERVICES, INC. individually and D/B/A CBCS and CBCS NATIONAL, INC., Defendant | : : : : : : : : : | CIVIL ACTION<br><br>NO. 02-CV1127<br>CLASS ACTION |
| DAVID SHULICK, individually and on behalf of ALL OTHERS SIMILARLY SITUATED, Plaintiff,<br>v.<br>CBC COMPANIES, INC., individually, T/A and D/B/A CBCS and CBCS NATIONAL, INC., Defendant. | : : : : : : : : : : | CIVIL ACTION<br>NO. 02 CV 8483[JF]<br><br>CLASS ACTION |

## CERTIFICATE OF SERVICE

I, NORMAN W. BRIGGS, ESQUIRE, hereby certify that a true and correct copy te Memorandum in Support of Motion by Plaintiff, David T. Shulick and Defendants Credit Bureau Collection Services, Inc., and CBC Companies, Inc., for Final Court Approval of the Class Action Settlement was electronically filed and sent to Plaintiff's counsel, Edwin Goldsmith, III, via regular first class mail on **Thursday, June 30, 2005**, at Mr. Goldsmith's address as follows:

> Edwin M. Goldsmith, III, Esquire
> 1515 Market Street
> 11th Floor
> Philadelphia, PA  19102

> FREY, PETRAKIS, DEEB, BLUM,
> BRIGGS & MITTS, P.C.

> By: _____
> NORMAN W. BRIGGS, ESQUIRE
> Attorney for Defendant,
> Credit Bureau Collection Services, Inc.